IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANGELO CARO,

    Petitioner,

v.                                    Civil Action No. 5:09CV44
                                            (STAMP)
JOEL J. ZIEGLER,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Angelo Caro, is currently serving a 135-month term of imprisonment for conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. As part of his sentence, the petitioner is eligible for the Residential Drug Abuse Treatment Program ("RDAP") at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"). Successful completion of RDAP generally qualifies an inmate to be considered for up to one year of early release. Despite the petitioner's eligibility to participate in RDAP, however, Bureau of Prisons ("BOP") staff determined that because he received a two-point weapon enhancement, he was precluded from being considered for early release pursuant to 18 U.S.C. § 3621(e).

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

The petitioner filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order that he be granted up to one year reduction from his term of imprisonment upon completion of the RDAP. The petition was referred to United States Magistrate Judge James E. Seibert for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Thereafter, the petitioner filed a document entitled "Issuance of Writ; Return; Hearing; Decision Pursuant to 28 U.S.C. § 2243."

On May 11, 2009, the magistrate judge filed a report and recommendation in which he recommended that the petitioner's § 2241 petition be denied and dismissed with prejudice, and the petitioner's "Issuance of Writ; Return; Hearing; Decision Pursuant to 28 U.S.C. § 2243" be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation  Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner has not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

Pursuant to 18 U.S.C. § 3621, the BOP provides qualified inmates with a program of substance abuse treatment. To encourage inmates to participate in such programs, Congress has authorized the BOP to reduce by up to one year the sentences of prisoners who successfully complete the program and whose crimes of convictions are for nonviolent offenses. 18 U.S.C. § 3621(e)(2)(B). Specifically, § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Thus, Congress has vested discretionary authority in the BOP to determine whether to grant early release to a prisoner who has successfully completed a BOP-sponsored substance abuse program. Congress permits, however, early release only for inmates whose crimes are nonviolent offenses. Congress did not define the term "nonviolent offense" in § 3621. Where Congress does not define a term in a statute that delegates authority to an administrative agency, interpretation of the term is impliedly left to the agency

3

responsible for administering the statute. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984). Here, that agency is the BOP. Initially, the BOP defined the term "nonviolent offense" by reference to 18 U.S.C. § 924(c)(3), which provides definitions for "crimes of violence." Section 924(c)(3) defines "crime of violence" as

> an offense that is a felony and--
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the property of another may be used in committing the offense.

18 U.S.C. § 924(c)(3). According to the BOP, any offense falling outside the definition of "crime of violence" under § 924(c)(3) constituted a "nonviolent offense" for purposes of § 3621(e)(2)(B). Under these prior regulations, the petitioner's offenses may have been deemed "nonviolent," thus making him eligible for consideration for early release.

Subsequently, however, the BOP modified its definition of "nonviolent offense." On October 9, 1997, the BOP published an interim rule amending the definition by excising reference to "crime of violence" under § 924(c)(3) and setting forth a list of criteria for early release consideration. 62 Fed. Reg. § 53.690 (1997). The final regulation was adopted on December 22, 2000. 65 Fed. Reg. § 80745. Under the amended regulation, certain categories of inmates are ineligible for early release. Included

4

among them are "[i]nmates whose offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including explosive material or explosive device) . . . ." 28 C.F.R. § 550.58. Furthermore, in July 1995, the BOP adopted Policy Statement § 5162.02 which identifies crimes of violence and specifically provides that an individual convicted of a drug offense under 21 U.S.C. § 841 who received a two-level enhancement for possession of a gun has been convicted of a crime of violence.

As noted by the United States Court of Appeals for the Fourth Circuit in Pelissero v. Thompson, 170 F.3d 442 (1999), however, some federal courts held that possession of a firearm by a felon is not a crime of violence under 18 U.S.C. § 924(c). Thus, in a revised Regulation § 550.58 issued in October 1997, the BOP deleted the crime of violence definition from 18 U.S.C. § 924(c), but stated that inmates whose current offense is a felony which involved the carrying, possession, or use of a firearm or other dangerous weapon could, at the director's discretion, be excluded from eligibility for early release. The BOP amended P.S. § 5330.10 to reflect this change and adopted P.S. § 5162.04, effective October 9, 1997, which provided that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of Bureau of Prisons." This interim regulation was finalized on December 22, 2000. See 65 Fed. Reg. 80745.

Unlike several petitions received in this Court alleging that the BOP's regulation listing the criteria for early release, 28 C.F.R. § 550.58, violates the Administrative Procedures Act ("APA") because the BOP failed to provide for a period of public notice and comment before issuing the interim rule in 1997, see 5 U.S.C. §§ 551, 553, and 554, the petitioner simply argues that the BOP's P.S. § 5162.04 is discriminatory and therefore invalid. Specifically, the petitioner asserts that because of Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), inmates in the Ninth Circuit are receiving "time-off" for their completion of the RDAP program regardless of a two-level sentence enhancement.

In Arrington, the Ninth Circuit held that 28 C.F.R. § 550.58 violates the APA because it is arbitrary, capricious, an abuse of discretion, or is otherwise not in accordance with the law. Nevertheless, in Lopez v. Davis, 531 U.S. 230 (2001), the United States Supreme Court described 28 C.F.R. § 550.58 as an "implementing regulation," finding it a permissible exercise of the BOP's discretion under 18 U.S.C. § 3621(e)(2)(b), and holding that the BOP's interpretation was reasonable. Recently, in Snipe v. Phillips, 2008 WL 5412868 (Dec. 23, 2008) (unpublished), Chief Judge John Preston Bailey reviewed the applicable regulations, as well as Arrington and Lopez, and held that "[m]ost of the courts outside of the Ninth Circuit which have considered the validity of the regulation in light of Arrington have found the decision not to be persuasive and have declined to follow it." Id. at *6. Finding

Arrington unpersuasive, Chief Judge Bailey declined to follow its holding and upheld the challenged regulation. Id. at *6-12.

Here, the petitioner is correct that the BOP cannot discriminate on the basis of race, religion, national origin, sex, disability, or political belief. See P.S. § 551.90. However, P.S. § 5162.04 does not discriminate on the basis of any of these factors. In that the petitioner argues that he is being denied equal protection because inmates in the Ninth Circuit are receiving the benefit of the Arrington decision, this argument must fail. An equal protection claim requires, as a threshold matter, that the petitioner demonstrate that a governmental decision-maker has treated him differently from others similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Arrington is persuasive authority only and is not applicable to inmates located outside the Ninth Circuit. The petitioner is not incarcerated within the Ninth Circuit, and thus, he is not similarly situated to those inmates receiving the benefit from that decision. Unable to show that he is receiving unequal treatment as a result of intentional or purposeful discrimination, therefore, the petitioner's § 2241 petition must fail.

## IV. Conclusion

For the reasons set forth above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2241 petition is DENIED and DISMISSED WITH

PREJUDICE. Furthermore, in light of this Court's holding, the petitioner's "Issuance of Writ; Return; Hearing; Decision Pursuant to 28 U.S.C. § 2243" is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure, the Clerk is directed to enter judgment on this matter.

DATED: June 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE